# IN THE COURT OF APPEALS OF IOWA

—————————————

No. 24-1606
Filed February 25, 2026

—————————————

**Jan De Jesus Coronel Arreola,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

—————————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Blake H. Norman, Judge.

—————————————

**AFFIRMED**

—————————————

Alexander Smith and Benjamin D. Bergmann of Parrish Kruidenier L.L.P.,
Des Moines, attorneys for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, attorneys for appellee.

—————————————

Considered without oral argument
by Greer, P.J., Langholz, J., and Bower, S.J.
Opinion by Bower, S.J.

1

**BOWER, Senior Judge.**

Jan De Jesus Coronel Arreola[1] appeals the district court's dismissal of his application for postconviction relief (PCR) and petition for writ of habeas corpus. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In September 2023, Coronel pled guilty to possession of marijuana, first offense. His written plea stated in part, "I have been advised that if I am not a United States citizen, a criminal conviction, deferred judgment, or deferred sentence may affect my status under federal immigration laws," and possible "immigration consequences" of his plea included "deportation, inability to reenter the United States, mandatory detention in immigration custody, ineligibility for release on bond during immigration proceedings, ineligibility for citizenship and increased penalties for unauthorized reentry into the United States." The district court accepted his plea, ordered judgment to be deferred, and placed him on probation for a term not exceeding one year. In March 2024, Coronel was successfully discharged from probation.

Meanwhile, in November 2023, Coronel filed a PCR application alleging ineffective assistance of plea counsel. Coronel claimed, in part, counsel failed to "[f]ully advise and inform [him] of the direct, severe, and certain adverse immigration consequences of the plea agreement and resulting conviction." The State filed a motion to dismiss Coronel's application, citing *Daughenbaugh v. State*, 805 N.W.2d 591, 598 (Iowa 2011),

---

[1] Appellate defense counsel refers to Jan De Jesus Coronel Arreola as "Coronel." We will do the same.

and maintaining, "A person who has pled guilty to criminal charges, received a deferred judgment, and had the charges dismissed after successful completion of probation does not have a conviction of a crime that can be challenged in a postconviction relief proceedings."

In July 2024, Coronel filed an amended PCR application, adding a petition for writ of habeas corpus. He alleged he "is in constructive custody and restraint due to the court deferring judgment in accordance with Iowa Code § 907.3 [(2023)] because it gives him a direct criminal consequence (in accordance with *Padilla* [*v. Kentucky*, 559 U.S. 356, 374 (2010)]), causes societal stigma, and causes his detention in an Iowa facility" and "[t]he outcome in this case was a result of ineffective assistance of counsel by trial counsel, specifically by trial counsel's failure to adequately advise [him] of the immigration consequences of his guilty plea, as required by *Padilla*." He further alleged he "was not discharged from his probation a[t] the time of the filing of his petition, making the State still in constructive possession of him."

The district court allowed the amendment. A hearing took place on the motion contemporaneously with Coronel's motion to reconsider his sentence in his underlying case,[2] and the district court denied relief on both motions. Coronel filed a motion for enlarged findings and conclusions, which the district court denied. Coronel now appeals.

## STANDARD OF REVIEW

We review habeas corpus decisions for correction of errors at law. *State v. Hernandez-Galarza*, 864 N.W.2d 122, 126 (Iowa 2015). We review ineffective-assistance-of-counsel claims de novo. *Id.*

---

[2] Coronel's record in that case has since been expunged.

3

## DISCUSSION

Iowa recognizes "three avenues for challenging a criminal conviction: direct appeal, postconviction relief, and habeas corpus." *Id.* (internal citations omitted). Because Coronel received a deferred judgment, he could not challenge his conviction on direct appeal. *See id.* And Coronel acknowledges "[p]ostconviction relief is not available as a remedy for persons who received ineffective assistance of counsel and a deferred judgment and have discharged probation." He is correct. *See* Iowa Code § 822.2 (allowing postconviction relief to certain persons who have "been convicted of . . . a public offense"); *Daughenbaugh*, 805 N.W.2d at 598 (concluding "a guilty plea pursuant to a deferred judgment is not a conviction under Iowa's postconviction relief statute").

Coronel claims, however, the district court "incorrectly denied [his] application for writ of habeas corpus, as his collateral consequences meant that the case was not moot." Specifically, he maintains, "[b]ecause Iowa Code § 822 only provided relief for those who had been convicted of a crime, and did not apply to deferred judgments because they were not convictions, the thought was that Iowa Code § 663, which handled non conviction habeas corpus, would provide relief for a deferred judgment." Coronel relies on the supreme court's ruling in *Hernandez-Galarza* to support his claim. *See* 864 N.W.2d at 126–30 (discussing constructive custody and habeas corpus relief under chapter 663 in relation to federal immigration consequences).

But that case turned on whether the petitioner had shown he was "currently detained" or under "constructive custody." *Id.* at 134–35. Specifically, the court concluded, because Hernandez-Galarza filed his petition for writ of habeas corpus in March 2013—one year after the district court "entered its probation discharge order"—he "was no longer detained

by or in constructive custody of the State of Iowa," and therefore, "he d[id] not have a cognizable habeas claim." *Id*. at 135–36.

The same is true here. Coronel filed his amended petition adding a habeas corpus claim in July 2024.[3] But Coronel has been successfully discharged from probation in March, four months prior. Accordingly, when the petition for writ of habeas corpus was filed, "[Coronel] had nothing to challenge. His judgment was deferred, he was discharged from probation, his record was expunged, and his liberty was not restrained by the State of Iowa." *Mendoza v. State*, No. 16-1394, 2017 WL 4050111, at *2 (Iowa Ct. App. Sept. 13, 2017) (rejecting a similar argument). Under these circumstances, because Coronel "had no cognizable habeas corpus claim," "he is without a vehicle to raise an ineffective-assistance-of-counsel claim." *Id*.; *Hernandez-Galarza*, 864 N.W.2d at 136 ("[B]ecause the probationary period entered against Hernandez-Galarza in this case had completely expired by the time he sought to challenge the outcome of his criminal proceedings, he does not have a cognizable habeas claim."). We affirm on this issue.

Coronel next maintains "[p]recluding [him] from seeking habeas corpus relief under Iowa Code chapter 663 or Iowa Code chapter 822 violates his right to habeas corpus under the Iowa Constitution." Finally, he claims

---

[3] We are not persuaded the district court's statement in its order granting Coronel's motion for leave to amend "[t]he Applicant's amended petition shall relate back to the original petition file date" implies the habeas claim related back to when Coronel was in constructive custody. And Coronel has not provided authority for such a finding. Rather, we construe the court's relation-back statement as generally concerning any potential PCR statute-of-limitations implications. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) (adopting a relation-back doctrine), *superseded by statute as stated in Sandoval v. State*, 975 N.W.2d 434, 437 (Iowa 2022).

he "did not knowingly, intelligently, and voluntarily waive his right to postconviction relief and [his] constitutional right to habeas corpus." Coronel acknowledges these arguments have been raised before and rejected by this court in *Mendoza*, 2017 WL 4050111, at *1–4, but he maintains our decision there "was incorrect." We find no reason to depart from our reasoning and holding in *Mendoza* under these analogous circumstances. We decline Coronel's request for a reviewing court to "reverse these injustices."

## DISPOSITION

We affirm the district court's order denying Coronel's PCR and habeas corpus claims.

**AFFIRMED.**